1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    DARRELL ARCHIE,                          Case No.  25-cv-08429-SVK

8                    Plaintiff,

9            v.                               **ORDER DENYING MOTION TO**
                                              **DISMISS**
10   HOLIDAY INN CLUB VACATIONS                Re: Dkt. No. 7
     INCORPORATED,
11
                    Defendant.
12

13          Before the Court is Defendant Holiday Inn Club Vacations Incorporated's ("Holiday Inn")

14   Motion to Dismiss Plaintiff Darrell Archie's Complaint for failure to state a claim.  Dkt. 7 (the

15   "Motion").  The Court finds the Motion suitable for determination without oral argument. Civil

16   L.R. 7-1(b).  Having reviewed the Parties' submissions, the relevant law and the record in this

17   action, the Court **DENIES** the Motion.

18   I.      **BACKGROUND**

19          For the purposes of resolving the Motion, the Court takes the factual allegations of the

20   Complaint as true.  *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th

21   Cir. 2008) (courts generally "accept factual allegations in the complaint as true and construe the

22   pleadings in the light most favorable to the nonmoving party.").  Plaintiff Darrell Archie is a

23   California citizen over the age of 65 who "made a reservation for a hotel stay with Defendant"

24   Holiday Inn.  Dkt. 1 at 10-14 ("Compl."), ¶¶ 2, 5-6. Plaintiff alleges that he took advantage of a

25   promotional package that required him "to attend a timeshare presentation during his stay," that he

26   did so and that he was nonetheless charged an additional $806 after his return from his trip despite

27   doing so.  *Id.*, ¶¶ 7-12.  Based on that debit, and his allegation that he "fulfilled the requirement"

28   of the promotional package and thus "did not owe" the $806 to Defendant and did not authorize

the payment, (*id.*, ¶¶ 9, 11-13), Plaintiff brings causes of action for common-law conversion, violation of 15 U.S.C. Section 1693(a) (the Electronic Fund Transfer Act or "EFTA") and Elder Abuse in violation of California law, (*id.* at 12-13).

On October 2, 2025, Defendant removed the case to this court based, in relevant part, on federal question jurisdiction under 28 U.S.C. § 1331. *See* Dkt. 1 at 3. It then moved to dismiss, relying on the terms of the agreement for Plaintiff's reservation, which it argues "required Plaintiff and his spouse" to attend the time-share presentation. *See* Dkt. 7 at 7. In support of this argument, Defendant requests that this Court take judicial notice of the reservation confirmation ("Confirmation") which it proffers contains the terms of the agreement ("Proffered Terms"). Dkt. 7-1 ("RJN").

In addition to arguments on the merits, Plaintiff opposes judicial notice as improper at the pleading stage. See Dkt. 8 at 2-3. The Court is not so persuaded. As the Ninth Circuit has affirmed, "judicial notice and incorporation-by-reference do have roles to play at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). In ruling on a motion to dismiss, a court may consider "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061. (9th Cir. 2008). In particular, the "incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself. *Khoja*, 899 F.3d at 1002-03. Documents are incorporated by reference in a complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* at 1002. Indeed, "unlike judicial notice, a court may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.* at 1002-03.

Plaintiff's Complaint, although not attaching or linking to the agreement, refers to the "terms of the reservation" he made, and his claims are based wholly on the terms. *See* Compl., ¶¶ 6-15. Accordingly, the document(s) evidencing the terms of his reservation are properly incorporated by reference in the Complaint. *See Khoja* at 1002. Indeed, Plaintiff cannot proffer one term of the agreement (that he "was to attend a timeshare presentation during his stay") while

2

1    omitting terms that may doom his claim.  *See id.* at 1002-03 ("The doctrine prevents plaintiffs

2    from selecting only portions of documents that support their claims, while omitting portions of

3    those very documents that weaken—or doom—their claims.").

4         Turning to the Confirmation (Dkt. 7-1 at 6-11) and the Proffered Terms (Dkt. 7-1 at 12-13)

5    as proffered by Holiday Inn, the Court notes the following additional facts relevant to this

6    dispute:  the Confirmation states, at the bottom under the heading "The Part Where You Get Your

7    Glasses" to "[d]ive into the full legal disclaimers below" that:  "To fulfill the terms of this offer,

8    you are required to attend a one- to two-hour timeshare sales presentation."  Dkt. 7-1 at 11.  There

9    are *no* additional links under the heading "Agreement to Purchase."  *Id.*  However, the Proffered

10   Terms, which are proffered *by Defendant only*, state in fine print:  "You must attend a two-hour

11   sales presentation (tour) in order to participate in this promotion.  Couples, married or cohabitating,

12   must attend the tour together…."  Dkt. 7-1 at 12.  It is undisputed that Plaintiff is married but did

13   not attend with his spouse.  *See* Dkt. 8 at 3.

## II.    LEGAL STANDARD

15        Federal Rule of Civil Procedure 12(b)(6) authorizes a district court to dismiss a complaint

16   if it fails to state a claim upon which relief can be granted.  In ruling on a motion to dismiss, a

17   court may consider only "the complaint, materials incorporated into the complaint by reference,

18   and matters of which the court may take judicial notice."  *Metzler*, 540 F.3d at 1061.  Courts

19   generally "accept factual allegations in the complaint as true and construe the pleadings in the

20   light most favorable to the nonmoving party."  *Manzarek*, 519 F.3d at 1031.  However, a court is

21   not "required to accept as true allegations that are merely conclusory, unwarranted deductions of

22   fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir.

23   2008).  Where "the main issue raised" on a motion to dismiss is "one of contract interpretation," a

24   "court may resolve contractual claims on a motion to dismiss if the terms of the contract are

25   unambiguous."  *Alta Devices, Inc. v. LG Elecs., Inc.*, 343 F. Supp. 3d 868, 878-79 (N.D. Cal.

26   2018) (citing *Bedrosian v. Tenet Healthcare Corp.*, 208 F.3d 220 (9th Cir. 2000)).  However,

27   "where the language leaves doubt as to the parties' intent, the motion to dismiss must be

28   denied."  *Id.* (cleaned up) (citing *Consul Ltd. v. Solide Enteres., Inc.*, 802 F.2d 1143, 1149 (9th

United States District Court
Northern District of California

3

1    Cir. 1986)).

2    **III.    DISCUSSION**

3           The primary issue presented here is one of contract interpretation:  did the Parties' contract

4    require only Plaintiff to attend the timeshare presentation, or did it require him and his spouse to

5    attend?  Defendant's Motion makes this argument for all three causes of action and does not

6    advance any other arguments for dismissal of the conversion or elder abuse claims.  *See* Dkt. 7 at

7    9-13 (arguing that the conversion claim fails because Defendant's "actions were taken in

8    accordance with the parties' agreement and were therefore not wrongful" and that the elder abuse

9    claim fails because "Holiday Inn's retention of funds was consistent with the agreement and does

10   not constitute undue influence or financial abuse of an elder.").  However, with regard to the

11   EFTA claim, Defendant advances one additional argument:  Holiday Inn cannot be liable under

12   certain sections of the EFTA because it is not a financial institution.  Dkt. 7 at 12-13.  The Court

13   addresses the two arguments in turn.

14          **A.    Plaintiff's Conversion, Elder Abuse and EFTA Claims Survive Because the
             Contract Proffered by Defendant is Not Unambiguous**

15

16          The Court deems the Confirmation and the Proffered Terms to be incorporated by

17   reference in the Complaint and considers them for the purposes of deciding the Motion.  *See,*

18   *supra*, § I.  However, they do not settle the question because it is not clear what the resulting

19   contract requires as to attendance at the timeshare presentation.  The Confirmation clearly states,

20   at the bottom of the email, that the "Details of Participation" and "Agreement to Purchase" require

21   "you" to attend the timeshare presentation.  Dkt. 7-1 at 11. In the context of the Confirmation

22   alone, "you" appears to mean "the purchaser," *i.e.*, Plaintiff alone.  *Id.*  At a minimum, whether

23   "you" includes a purchaser's co-habiting spouse is ambiguous and cannot be resolved in

24   Defendant's favor on a motion to dismiss.

25          Defendant attempts to introduce the more-detailed Proffered Terms, which do clearly state

26   that "you" means that "Couples, married or cohabitating," must attend the tour together."  *See* Dkt.

27   7-1 at 12.  However, there is nothing in the Confirmation that links to or incorporates these

28   terms.  Dkt. 7-1 at 6-11.  Nor is there an integration clause in the Proffered Terms preventing the

subsequently emailed Confirmation from superseding or modifying the Proffered Terms. *See* Dkt. 7-1 at 12-13. Indeed, the instruction at the bottom of the Confirmation directing the purchaser to "[d]ive into the **full** legal disclaimers below" could be taken to mean the opposite—that the terms below (in the Confirmation) are the full extent of Plaintiff's obligations. Dkt. 7-1 at 11. Faced with such ambiguity, the Court **DENIES** Defendant's motion to dismiss the three claims on this ground. *See Alta Devices*, 343 F. Supp. 3d at 878-79 (N.D. Cal. 2018) ("[W]here the language leaves doubt as to the parties' intent, the motion to dismiss must be denied.").

**B.**    **The Parties Agree that Holiday Inn is Not a Financial Institution and Do Not Disagree as to Applicable Sections**

Defendant's final challenge is what is best described as a request for clarification. The Parties agree that certain sections of the EFTA are applicable broadly, while others are applicable only to financial institutions. *Compare* Dkt. 7 at 12-13 (Defendant arguing that it is not a financial institution and that 15 U.S.C. §§ 1693c, 1693g, 1693h, and 1693f are inapplicable) *with* Dkt. 8 at 8 ("Plaintiff does not contend that Defendant is a financial institution. Plaintiff also did not allege violations of 15 U.S.C. §§1693c, 1693g, 1693h, and 1693f.").

Accordingly, there does not appear to be an actual controversy at issue with regard to these sections of the EFTA. The Court notes that the Parties agree that at least Sections 1693e and 1693m, the sections explicitly alleged by Plaintiff, apply beyond financial institutions and declines to otherwise decide an issue not contested by the Parties.

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss. The Court hereby **SETS** the Parties for an **initial case management conference on January 13, 2025**.

**SO ORDERED.**

Dated: December 1, 2025

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California

5